**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **SHENZHEN CHUANGXIN FEIYANG TECHNOLOGY CO., LTD.,**<br>Plaintiff,<br><br>v.<br><br>**CHUNHUA GUO, an individual; and WUPING COUNTY VINOIA E-COMMERCE BUSINESS DEPARTMENT, a business organization of presently unknown form organized under the laws of the People's Republic of China,**<br><br>Defendants. | **Civil Action No.: 26-cv-10534**<br><br>**JURY TRIAL DEMAND** |

**COMPLAINT FOR DECLARATORY JUDGMENT OF INVALIDITY OF U.S. DESIGN PATENT NO. D1,099,623**

Plaintiff Shenzhen Chuangxin Feiyang Technology Co., Ltd. ("Plaintiff"), by and through its undersigned counsel, brings this Complaint against Defendants Chunhua Guo ("Guo") and Wuping County Vinoia E-Commerce Business Department ("Vinoia") (collectively, "Defendants"), and alleges as follows:

**NATURE OF THE ACTION**

1. This is an action for declaratory judgment of invalidity arising under the patent laws of the United States, including 35 U.S.C. §§ 102, 171, and 282, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

2. Defendants have accused Plaintiff's Amazon product sold under ASIN B0D3WGRCBJ (the "Accused Product" or "Plaintiff's Product") of infringing U.S. Design

Patent No. D1,099,623, titled "Pouring Shield for Mixer" (the "'623 Patent"). A true and correct copy of the '623 Patent is attached as Exhibit A.

3. The application that issued as the ’623 Patent was filed on March 24, 2025. Plaintiff’s Amazon.com product page for ASIN B0D3WGRCBJ states that Plaintiff’s Product was first available on May 11, 2024. Plaintiff's Seller Central records further reflect Amazon.com orders for ASIN B0D3WGRCBJ in August 2024, identifying the ordered product as a KitchenAid pouring shield under the same ASIN and SKU SK331US, including completed paid orders before the patent filing. Those paid orders were fulfilled with the same pouring-shield product at issue in this action, and neither ASIN B0D3WGRCBJ nor SKU SK331US was repurposed from a different product. True and correct copies of the Amazon.com product page and relevant Seller Central order records are attached as Exhibits H and K, respectively.

4. During prosecution, the United States Patent and Trademark Office ("USPTO") rejected the sole design claim under 35 U.S.C. § 102(a)(1) based on a non-patent reference identified as "Pouring Shield for KitchenAid Tilt Head" and referred to by the Examiner as "Taladad." The Examiner expressly found that "[t]he appearance of Taladad is substantially the same as that of the claimed design." The Office Action also included a side-by-side comparison of the Taladad design and the claimed design. A true and correct copy of the July 16, 2025 Office Action is attached as Exhibit B.

5. On August 18, 2025, Applicant responded to that rejection by asserting that an earlier disclosure existed through the Oudizz Store at Amazon ASIN B0CW6FDYTM. The response stated that "Pouring shield covers" had been offered for sale on April 26, 2024 by the Oudizz Store and enclosed a declaration under 37 C.F.R. § 1.130(a). A true and correct copy of Applicant's complete August 18, 2025 response is attached as Exhibit C.

6. Guo's declaration, dated March 17, 2025, identifies the Oudizz Store as "my authorized distributor," states that "Pouring shield covers" were offered for sale on April 26, 2024 at Amazon ASIN B0CW6FDYTM, and states that Guo began selling her product at that Amazon link on that date. Guo further stated that the relevant subject matter was disclosed by her, or by another who obtained it directly or indirectly from her, and therefore was not prior art under 37 C.F.R. § 1.130(a). A true and correct copy of Guo's declaration is attached as Exhibit D.

7. Following Applicant's August 18, 2025 response and reliance on the declaration, the application proceeded to issuance as the '623 Patent on October 28, 2025.

8. The public marketplace record associated with ASIN B0CW6FDYTM does not support the proposition that a pouring shield was publicly disclosed at that ASIN on April 26, 2024. Instead, the contemporaneous 2024 review history describes silicone straw-cover caps and letter charms for drinking cups. The same review record later contains reviews for a KitchenAid pouring shield, while still continuing to contain straw-cover reviews in 2026. A true and correct copy of the customer-review history associated with ASIN B0CW6FDYTM is attached as Exhibit E.

9. SellerSprite, a third-party marketplace-data provider, reports historical marketplace data for ASIN B0CW6FDYTM recording a materially different price and category history. The data records a $5.99 price as early as April 30, 2024 and entries in the “Straw Dispensers” best-seller-rank category during 2024 and into early 2025; it later records a price increase from $5.99 on March 10, 2025 to $19.99 on March 11, 2025, followed by mixer-accessory categories. A copy of that SellerSprite historical marketplace data is attached as Exhibit F.

10. The Amazon.it product page for the same ASIN presents a further product-identity conflict. Its primary product image depicts a pouring shield, but its title, bullet points, specifications, and additional product images identify six silicone straw covers and two letter charms for Stanley-style cups. A true and correct copy of that Amazon.it product page is attached as Exhibit G.

11. On July 20, 2026, Plaintiff received an Amazon-routed message specifically accusing ASIN B0D3WGRCBJ of infringing the '623 Patent and stating that Plaintiff's Product shared "almost the exact same overall shape, outline, surface details and visual style" as the patented product. Defendants demanded removal of the listing, clearance of related inventory, and a permanent stop to sales, promotion, and supply, and threatened a formal Amazon complaint and further legal action. A true and correct copy of the complete enforcement message as received by Plaintiff is attached as Exhibit I.

12. Defendants' accusation, demand that Plaintiff cease selling the Accused Product, and threat of marketplace and legal enforcement create a definite, concrete, immediate, and continuing controversy concerning the validity of the sole claim of the '623 Patent and Defendants' asserted right to enforce that claim against Plaintiff and the Accused Product.

13. The prosecution record and Defendants' present enforcement position provide a concrete basis for declaratory relief. The Examiner found that Plaintiff's pre-filing Taladad design was substantially the same as the claimed design. Because Plaintiff's design and disclosure were independently developed, that pre-filing disclosure remains prior art unless Defendants establish an applicable statutory exception. The presently available marketplace evidence materially undermines the factual basis for the grace-period theories invoked during prosecution.

## THE PARTIES

14. Plaintiff Shenzhen Chuangxin Feiyang Technology Co., Ltd. is a limited liability company organized under the laws of the People's Republic of China and based in Shenzhen, Guangdong Province. Plaintiff operates the Amazon storefront CxfyUS2023, owns the Taladad brand, and sells the Accused Product under ASIN B0D3WGRCBJ.

15. Upon information and belief, Defendant Chunhua Guo is an individual residing in Xiamen, Fujian Province, People’s Republic of China. Guo is the named inventor and applicant identified on the ’623 Patent, signed the declaration submitted during prosecution, and participated in the enforcement communication directed to Plaintiff. As of the filing of this action, publicly available USPTO Assignment Center records reflect no recorded assignment of the ’623 Patent. Upon information and belief, Guo owns or controls the ’623 Patent or an interest in it.

16. Upon information and belief, Defendant Wuping County Vinoia E-Commerce Business Department is a business organization or business name operating under the laws of the People's Republic of China. In the enforcement message, Vinoia and Guo jointly identified themselves as the "Intellectual Property Owner," represented that "our company" was the exclusive and legal owner of the '623 Patent, and demanded that Plaintiff cease selling the Accused Product. The precise legal form of Vinoia, its ownership, and its relationship with Guo are not apparent from the materials presently available to Plaintiff and are matters within Defendants' knowledge.

## JURISDICTION AND VENUE

17. This Court has subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States.

18. This Court is authorized to grant declaratory and further relief under 28 U.S.C. §§ 2201 and 2202 because an actual controversy exists between Plaintiff and Defendants concerning the validity of the '623 Patent and Defendants' asserted right to enforce it against Plaintiff and the Accused Product.

19. Personal jurisdiction is proper under Federal Rule of Civil Procedure 4(k)(1)(A) to the extent Defendants' Illinois-directed contacts alleged below subject them to jurisdiction in Illinois. In the alternative, Plaintiff invokes Federal Rule of Civil Procedure 4(k)(2) as to any Defendant who is not subject to jurisdiction in any State's courts of general jurisdiction. Plaintiff's claim arises under federal patent law, Defendants are foreign defendants, and exercising jurisdiction is consistent with the United States Constitution and laws in light of Defendants' purposeful contacts with the United States as a whole. Plaintiff is not presently aware of another State in which either Defendant is subject to jurisdiction for this action.

20. Those United States contacts include Guo's application for and procurement of a United States patent, prosecution submissions to the USPTO expressly concerning Amazon.com marketplace activity in the United States, Guo's sworn identification of the Oudizz Store as her authorized Amazon distributor, commercial activity conducted through that authorized distributor on Amazon.com, and Defendants' intentional transmission of an Amazon-routed infringement demand seeking removal of Plaintiff's Amazon.com listing, cessation of Plaintiff's United States sales, and further marketplace and legal enforcement.

21. Guo also has Illinois-directed commercial contacts relevant to the jurisdictional inquiry. Guo swore that the Oudizz Store was her authorized Amazon distributor. On August 4, 2026, an Amazon.com order for a pouring shield sold by Oudizz was placed for delivery to

Chicago, Illinois, and the product was delivered in Chicago on August 6, 2026. True and correct copies of the order and delivery records are attached as Exhibit J.

22. Plaintiff has maintained regular and recurring Amazon sales of its pouring-shield products to customers in Illinois, including customers within this District, for months before the filing of this action. Those sales are ongoing, and Defendants' threatened enforcement against Plaintiff's accused pouring-shield product risks disruption of Plaintiff's Illinois commerce and customer relationships.

23. Defendants deliberately invoked a United States patent and the United States Amazon marketplace to demand that Plaintiff stop offering and selling its competing product to United States consumers, including consumers in Illinois, and threatened to invoke Amazon's intellectual-property enforcement mechanisms and legal remedies if Plaintiff did not comply.

24. Exercise of jurisdiction over Defendants is reasonable and consistent with due process because Defendants deliberately directed conduct toward the United States marketplace, sought the benefits and protections of United States patent law, and seek to use the resulting patent rights to restrain Plaintiff's United States commerce. For purposes of Rule 4(k)(2), those contacts are assessed with the United States as a whole.

25. Venue is proper in this District under 28 U.S.C. § 1391(c)(3) because Defendants are not residents of the United States and may be sued in any judicial district.

## FACTUAL BACKGROUND

### A. Plaintiff's Taladad Product Predates the Patent Application

26. Plaintiff markets and sells a pouring shield for KitchenAid tilt-head mixers under Amazon ASIN B0D3WGRCBJ.

27. The Amazon.com detail page identifies the product as a pouring shield for KitchenAid 4.5- to 5-quart tilt-head mixers, identifies Taladad as the brand, identifies CxfyUS2023 as the seller, and states a "Date First Available" of May 11, 2024. Exhibit K further contains Plaintiff's Seller Central records for ASIN B0D3WGRCBJ showing Amazon.com orders in August 2024 under SKU SK331US, with the product identified as a KitchenAid pouring shield; the records include completed paid orders on August 3 and August 5, 2024. Those orders were fulfilled with the same pouring-shield product accused by Defendants in this action, and Plaintiff had not repurposed that ASIN or SKU from another product.

28. The May 11, 2024 listing date and the August 2024 Seller Central order records both precede the March 24, 2025 filing date of the application that issued as the '623 Patent.

29. Plaintiff alleges that its design and public disclosure were independently developed and did not originate from Guo, Vinoia, Oudizz, or any person acting for Defendants.

**B. The USPTO Rejected the Sole Claim Based on the Taladad Design**

30. On July 16, 2025, the USPTO issued an Office Action rejecting the sole claim under 35 U.S.C. § 102(a)(1) based on the Taladad reference.

31. The Examiner expressly found that "[t]he appearance of Taladad is substantially the same as that of the claimed design."

32. The Office Action included side-by-side images labeled "Taladad Design" and "Claimed Design" and applied the ordinary-observer test to the anticipation analysis.

33. The Office Action advised that the rejection could be addressed either by persuasive evidence showing patentable visual differences from the prior art, or by invoking an applicable exception under 35 U.S.C. § 102(b)(1)(A) or (B).

**C. Applicant Relied on an Allegedly Earlier Oudizz Disclosure**

34. Applicant's complete August 18, 2025 response did not argue that the Taladad design was visually distinguishable from the claimed design. Instead, the response identified an alleged earlier disclosure through the Oudizz Store and Amazon ASIN B0CW6FDYTM and enclosed Guo's declaration under 37 C.F.R. § 1.130(a).

35. The response asserted that "Pouring shield covers" were offered for sale by the Oudizz Store on April 26, 2024 and relied on that date as earlier than the Taladad citation.

36. In her declaration, Guo identified the Oudizz Store as "my authorized distributor" and stated that she began selling her "Pouring shield covers" product through the referenced Amazon link on April 26, 2024.

37. Guo also asserted that the subject matter was disclosed by her, or by another who obtained it directly or indirectly from her, and therefore should not be treated as prior art under 37 C.F.R. § 1.130(a). At the same time, Applicant's response relied on the alleged April 26, 2024, public sale as predating the Taladad citation.

38. The prosecution papers are expressly labeled under 37 C.F.R. § 1.130(a), while the asserted earlier public sale also implicates, to the extent relied upon for that purpose, the prior-public-disclosure framework of 35 U.S.C. § 102(b)(1)(B). Plaintiff therefore addresses both potential grace-period theories in the alternative below. After Applicant submitted and relied on those materials, the application proceeded to issuance as the '623 Patent on October 28, 2025.

**D. The Public Record for ASIN B0CW6FDYTM Shows Two Unrelated Product Identities**

39. The marketplace record associated with ASIN B0CW6FDYTM materially conflicts with the proposition that a pouring shield was publicly disclosed at that ASIN on April 26, 2024.

40. Exhibit E shows that reviews surrounding April 26, 2024 consistently concern a different product: silicone caps for drinking straws and decorative letter charms. For example, reviews dated April 21, April 22, and April 28, 2024 discuss straw caps, Stanley-style straws, pastel-colored covers, and letter charms.

41. The same review history later contains reviews for a completely different product, a KitchenAid pouring shield. A review dated October 18, 2025 describes a hinged pouring shield with two halves and a pouring chute, and a January 5, 2026 review likewise describes a hinged shield for a KitchenAid mixer.

42. At the same time, the review history continues to contain straw-cover reviews in 2026. Reviews dated in March 2026 describe caps that fit Stanley-style drinking straws and decorative charms. Thus, by 2026 the same review record contains reviews of both the straw-cover product and the pouring-shield product.

43. That commingled review history is inconsistent with treating the present-day product identity of ASIN B0CW6FDYTM as proof that a pouring shield was publicly disclosed at that ASIN in April 2024.

44. Exhibit F provides additional corroboration of a material marketplace change. SellerSprite's third-party historical marketplace data records ASIN B0CW6FDYTM at $5.99 as early as April 30, 2024 and records best-seller-rank entries in "Straw Dispensers" during 2024 and into early 2025. It then records a price increase from $5.99 on March 10, 2025 to $19.99 on March 11, 2025, followed later by mixer-accessory categories. The March 2025 price change occurred six days before Guo signed her declaration and less than two weeks before the patent application was filed.

45. Exhibit G shows that the product page for ASIN B0CW6FDYTM remains internally inconsistent. The primary image depicts a pouring shield, while the page title identifies "Oudizz 6 Silicone Straw Cover Caps Compatible with Stanley Cup 10mm and 2 Letter Chains." The page's bullet points, specifications, and additional images concern straw covers and charms, and list eight items, UPC 658370444599, and model or part number Oudizz-01.

46. The public record therefore shows a listing history carrying two unrelated product identities. The public materials do not establish who made the catalog changes, when each product image or catalog contribution was first associated with the ASIN, or the precise mechanism by which the changes occurred; those facts can be determined through discovery, including historical catalog, contributor, and marketplace records maintained by Amazon.

**E. The Claimed Grace-Period Exceptions Do Not Remove Plaintiff's Independent Taladad Disclosure**

47. To the extent Defendants rely on 35 U.S.C. § 102(b)(1)(A) and 37 C.F.R. § 1.130(a), that attribution exception does not remove Plaintiff's Taladad disclosure from the prior art because Plaintiff alleges that its disclosure was independently developed and was not made by Guo or obtained directly or indirectly from her.

48. To the extent Defendants rely on the alleged April 26, 2024 Oudizz disclosure as a prior public disclosure under 35 U.S.C. § 102(b)(1)(B), the contemporaneous marketplace evidence shows that the subject matter publicly associated with ASIN B0CW6FDYTM in April 2024 was the straw-cover product, not the pouring-shield design.

49. Accordingly, the alleged April 26, 2024 disclosure does not establish an earlier inventor-originated public disclosure of the subject matter disclosed by Plaintiff's Taladad reference sufficient to disqualify Plaintiff's independent disclosure under 35 U.S.C. § 102(b)(1)(B).

### F. Defendants Threatened Enforcement Against Plaintiff

50. On July 20, 2026, Plaintiff received an Amazon-routed message asserting that Plaintiff's ASIN B0D3WGRCBJ infringed the '623 Patent.

51. Defendants stated that Plaintiff's Product shared "almost the exact same overall shape, outline, surface details and visual style" as the patented product.

52. Defendants demanded that Plaintiff remove the listing, clear related Amazon inventory, and permanently stop all sales, promotion, and supply of the Accused Product.

53. Defendants further threatened to file a formal Amazon complaint, consult a United States patent attorney, issue a formal cease-and-desist letter, and pursue legal remedies including compensation for alleged losses. The message also stated that it included the patent certificate and side-by-side comparison images of the patented product and Plaintiff's listing product.

54. Defendants' conduct places Plaintiff under a present threat of interference with its Amazon listing and United States sales and forces Plaintiff to choose between abandoning commerce in the Accused Product and risking patent-enforcement proceedings.

55. Plaintiff disputes the validity of the sole claim of the ’623 Patent and Defendants’ right to enforce that claim against Plaintiff and the Accused Product.

## COUNT I
## DECLARATORY JUDGMENT OF INVALIDITY OF U.S. DESIGN PATENT NO. D1,099,623

56. Plaintiff incorporates by reference paragraphs 1 through 55 as though fully set forth herein.

57. The ’623 Patent is subject to the conditions for patentability set forth in Title 35, including 35 U.S.C. §§ 102 and 171.

58. Plaintiff's Taladad design was publicly disclosed before the effective filing date of the '623 Patent. In addition to the current Amazon detail page stating a May 11, 2024 first-available date, Plaintiff's Seller Central records reflect Amazon.com orders for ASIN B0D3WGRCBJ in August 2024 identifying the product as a KitchenAid pouring shield, including completed paid orders months before the March 24, 2025 filing date. Those paid orders were fulfilled with the same pouring-shield product accused by Defendants, and neither the ASIN nor SKU had been repurposed from another product. Plaintiff alleges that its design and disclosure were independently developed and were not obtained directly or indirectly from Guo or Defendants.

59. The USPTO Examiner found that the Taladad design and the claimed design had an appearance that was substantially the same and rejected the sole claim as anticipated under 35 U.S.C. § 102(a)(1).

60. The record now available undermines the factual basis on which Applicant sought to disqualify the Taladad reference. To the extent Applicant relied on an attribution theory under 35 U.S.C. § 102(b)(1)(A) and 37 C.F.R. § 1.130(a), that theory does not remove Plaintiff's independently developed disclosure. To the extent Applicant relied on the alleged April 26, 2024 Oudizz sale as an earlier public disclosure under 35 U.S.C. § 102(b)(1)(B), the contemporaneous marketplace record does not establish an earlier public disclosure of the same pouring-shield subject matter.

61. Because the asserted grace-period exceptions do not remove Plaintiff's Taladad disclosure from the prior art, Plaintiff's pre-filing Taladad design remains prior art under 35 U.S.C. § 102(a)(1).

62. The sole claim of the ’623 Patent is anticipated by Plaintiff’s Taladad design and is invalid under 35 U.S.C. § 102(a)(1).

63. A substantial, immediate, and justiciable controversy exists between the parties concerning validity of the ’623 Patent.

64. Plaintiff is entitled to a declaration that the sole claim of the ’623 Patent is invalid.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in its favor and against Defendants as follows:

A. Declaring that the sole claim of U.S. Design Patent No. D1,099,623 is invalid under 35 U.S.C. § 102(a)(1);

B. Declaring that Defendants have no right under the invalid ’623 Patent to restrain Plaintiff’s manufacture, importation, offer for sale, sale, or distribution of the Accused Product, including Amazon ASIN B0D3WGRCBJ;

C. Granting such further relief under 28 U.S.C. § 2202, including permanent injunctive relief, as is necessary and proper to prevent Defendants from asserting or causing marketplace enforcement of the invalid ’623 Patent against Plaintiff’s Accused Product following entry of declaratory judgment;

D. Declaring this action exceptional under 35 U.S.C. § 285, if warranted by the record, and awarding Plaintiff its reasonable attorneys’ fees;

E. Awarding Plaintiff its taxable costs; and

F. Granting such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

Dated: August 31, 2026

Respectfully submitted,

/s/ Alexander Warden
Alexander Warden, Esq.,
Attorney for Plaintiff
(347) 420-0279
West Atlantic Law Firm, PLLC
alexander.warden@walflaw.com
104 West 40th Street, Suite 400
New York, NY 10018

## VERIFICATION

I, Dan Tian, am an authorized representative of Shenzhen Chuangxin Feiyang Technology Co., Ltd. I have reviewed the foregoing Complaint. I declare under penalty of perjury under the laws of the United States of America that the factual allegations concerning Plaintiff, Plaintiff's Product, Plaintiff's Amazon sales and order history, the development and origin of Plaintiff's Product, and communications received by Plaintiff are true and correct based on my personal knowledge and the Company's records.

As to factual allegations concerning Defendants or other matters not within my personal knowledge, I have reviewed those allegations and believe them to be true and correct based on the information presently available to the Company.

Executed on: August 25, 2026

Signature: Dan Tian
Name: Dan Tian
Title: Principal
Authorized Representative of
Shenzhen Chuangxin Feiyang Technology Co., Ltd.